IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kathy Travis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 2524 |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| | ) | |
| Maywood Police, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Kathy Travis' complaint [1] is dismissed without prejudice, and both her application for leave to proceed in forma pauperis [3] and her motion for attorney representation [4] are denied. Civil case terminated.

## STATEMENT

Before the Court is Plaintiff's 15-page pro se complaint [1], which purports to allege violation of 42 U.S.C. §1983 and seeks $1 billion in damages. Also before the Court are Plaintiff's application for leave to proceed in forma pauperis [3] and her motion for attorney representation [4].

The federal in forma pauperis statute, 28 U.S.C. § 1915, ensures indigent litigants meaningful access to the federal courts while also preventing them from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Before authorizing a litigant to proceed in forma pauperis, the Court must make two determinations: the Court must first determine that the litigant is, in fact, unable to pay the $400 filing fee; and, second, that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. §§ 1915(a), (e). The first determination is made through a review of the litigant's assets as stated in her affidavit submitted to the Court. The second is made by looking to the plaintiff's allegations. An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

Although Plaintiff's application for leave to proceed in forma pauperis suggests that she is unable to pay the filing fee, the Court nonetheless denies the application and dismisses the complaint because her allegations fall short under the

above standard. First, Plaintiff's has sued 12 police departments, but she has not named or described any individual officers. A police department is not a suable entity. *Mutter v. Madigan*, 17 F.Supp. 752, 758 (N.D. Ill. 2014)(citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)).

Second, Plaintiff's allegations do not give rise to a cognizable claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "short and plain statement" must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A § 1983 claim must allege that the unlawful conduct was committed by a person acting under color of state law; and must also allege that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 149 (1970); *Heyde v. Pittenger*, 633 F.3d 512, 516 (7th Cir. 2011).

Here, Plaintiff alleges that a GPS tracking device was installed on her car and that the defendants (a generalized group not identified or described in any way) used the tracking information, as well as intercepted telephone conversations to ascertain her location. Plaintiff alleges that, as a result, the defendants were present wherever she was. She also alleges that the defendants shared her information with ambulance services and fire departments, which then drove near her, blasting their sirens and flashing their lights. Other than possibly the unauthorized installation of the GPS tracking device – which is not alleged to have been done by any particular defendant and is not otherwise tied to any state action – none of this conduct suggests a violation of any constitutional right. Accordingly, Plaintiff's application for leave to proceed in forma pauperis is denied and her complaint is dismissed.

Plaintiff's motion for attorney representation also is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Although the Court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant, the litigant must first demonstrate (in addition to indigence) that she has attempted to secure counsel on her own and been unsuccessful. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). Plaintiff has not listed any attempts to secure counsel on her own.

For these reasons, the Court denies Plaintiff's application for leave to proceed in forma pauperis, dismisses Plaintiff's complaint without prejudice and denies Plaintiff's motion for attorney representation.

Date: March 10, 2016

ENTERED:

_____
John Robert Blakey
United States District Judge